UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br>Plaintiff, <br><br>v. <br><br>MIGUEL ANGEL BARAJAS, ET AL., <br><br>Defendants. | No. 1:15-cv-01354-DAD-JTL <br><br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR COSTS AND ATTORNEYS' FEES <br><br>(Doc. No. 24) |

    J & J Sports Productions, Inc. ("plaintiff") filed suit against Miguel Angel Barajas and Guillermina Carrizales ("defendants"), the owners and operators of Village Sports Bar and Grill, on September 2, 2015, alleging defendants violated multiple federal statutes—as well as state laws—when they broadcast a boxing match for which plaintiff owned the exclusive nationwide commercial distribution rights.  (Doc. No. 1.)  Specifically, plaintiffs alleged the following causes of action:  (1) violation of 47 U.S.C. § 605, (2) violation of 47 U.S.C. § 553, (3) conversion, and (4) violation of California Business and Professions Code § 17200, *et seq*.  On January 29, 2016, plaintiff filed a motion for default judgment on the grounds that defendants failed to answer plaintiff's duly served complaint.  (Doc. No. 19.)  On March 7, 2016, Magistrate Judge Jennifer L. Thurston issued findings and recommendations recommending plaintiff's motion for default judgment be granted.  (Doc. No. 23.)  Plaintiff filed the current motion for attorneys' fees and costs on the following day.  (Doc. No. 24.)  On April 27, 2016, the court adopted Magistrate

1

Judge Thurston's findings and recommendations. (Doc. No. 27.) Judgment in favor of plaintiff was entered on that day as well. (Doc. No. 28.) Pursuant to Local Rule 230(g), the current motion for attorney's fees and costs was submitted upon the record and briefs on file. (Doc. No. 26.)

## I.  Introduction

Plaintiff possessed the exclusive right to the nationwide commercial distribution of *"'Mayhem' Floyd Mayweather, Jr. v. Marcos Rene Maidana, II WBC Lightweight Championship Fight Program"* ("the Program") televised on September 14, 2013. On April 27, 2016, the court entered default judgment against defendants, holding defendants broadcasted the Program at Village Sports Bar & Grill without paying the requisite fees to plaintiff, thus violating 47 U.S.C. § 605. (Doc. Nos. 23, 27.) Plaintiff now seeks attorney's fees in the amount of $2,797.50 and costs in the amount of $1,191.05 pursuant to 47 U.S.C. § 605(e)(3)(B)(iii).

## II.  Discussion

### a.  *Attorney's Fees*

Reasonable attorney's fees are recoverable under 47 U.S.C. § 605(e)(3)(B)(iii). The court determines the amount of reasonable attorney's fees by applying the "lodestar" method. *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001). The lodestar is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. *Id*. "In determining reasonable hours, counsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A district court should also exclude from the lodestar fee calculation any hours that were not "reasonably expended," such as hours that are excessive, redundant, or otherwise unnecessary. *See id.* at 434; *see also J & J Sports Prods., Inc. v. Napuri*, No. C 10-04171 SBA, 2013 WL 4428573, at *1 (N.D. Cal. Aug. 15, 2013).

The district court must determine a reasonable hourly rate, considering the experience, skill, and reputation of the attorney requesting fees. *Chalmers*, 796 F.2d at 1210. Reasonable

hourly rates are calculated by reference to "prevailing market rates in the relevant community," with a special emphasis on fees charged by lawyers of "comparable skill, experience, and reputation."  *Davis v. City of San Francisco*, 976 F.2d 1536, 1546 (9th Cir. 1992) *vacated on other grounds by* 984 F.2d 345 (9th Cir. 1993).  Generally, the forum district represents the relevant legal community.  *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992); *see also Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (determining that "generally, the relevant community [for the prevailing market rate] is the forum in which the district court sits"); *Mendenhall v. Nat'l Transp. Safety Bd.*, 213 F.3d 464, 471 n.5 (9th Cir. 2000), *overruled on other grounds by Gonzalez v. Arizona*, 677 F.3d 383 (9th Cir. 2012) (finding the same).

The fee applicant bears the burden of producing satisfactory evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).  "Affidavits of the plaintiff['s] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiff['s] attorney, are satisfactory evidence of the prevailing market rate."  *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990); *see also Napuri*, 2013 WL 4428573, at *2.

Here, plaintiff requests a total of $2,797.50 in attorney's fees.  (Doc. No. 24-1, Declaration of Thomas P. Riley ("Riley Decl."), Exh. 1 at 10.)[1]  These fees consist of 3.15 hours of work at $500.00 per hour by Thomas P. Riley, Esq. ("Riley"), 0.30 hours of work performed by an unidentified "associate attorney" at $275.00 per hour, and 11.4 hours of work by an unidentified "administrative assistant" at $100.00 per hour.  (*Id*.)

Plaintiff submits the declaration of attorney Riley in support of its fee request and a chart describing the services rendered and hours billed.  (Riley Decl. at ¶¶ 5–7, Exh. 1.)  However, the entries in the chart are not based on contemporaneous billing records; instead according to attorney Riley's declaration, "[b]illable hours for legal services [were] reconstructed by way of a

---

[1] Page numbers refer to ECF page number.

thorough review of the files themselves" after services were rendered. (*See id*. at ¶ 6.) Riley declares that, "[h]aving handled thousands of commercial signal privacy over the last decade and a half, we are most capable of calculating billable hours for legal services rendered. Our rates for legal, administrative, and paralegal time are well within the prevailing market rates for the Central District of California." (*Id*.) Riley further states that he has been practicing law for over two decades, and that his firm has specialized in the civil prosecution of signal piracy claims since 1994. (*Id*. at ¶¶ 3–4.)

"Absent the submission of detailed contemporaneous time records justifying the hours claimed to have been expended on this case, the [c]ourt gives little weight to the figures provided by [p]laintiff." *Napuri*, 2013 WL 4428573, at *2; *see also Joe Hand Promotions, Inc. v. Be*, No. 11-CV-01333-LHK, 2011 WL 5105375, at *7 (N.D. Cal. Oct. 26, 2011) ("Without actual billing records, . . . the Court gives little weight to . . . figures" in a chart "reconstructing" billable time); *Joe Hand Promotions, Inc. v. White*, No. C 11-01331 CW (JSC), 2011 WL 6749061, at *2 (N.D. Cal. Dec. 6, 2011) ("Because the billing records were not created contemporaneously, the Court finds that they are inherently less reliable"); *Zynga Game Network Inc. v. Erkan*, No. 09-03264 SC, 2010 WL 3463630, at *2 (N.D. Cal. Aug. 31, 2010) (denying motion for attorneys' fees where plaintiff failed to attach "actual billing records").

Further, plaintiff's showing regarding the hourly rates charged by the attorneys and staff in this case is "woefully inadequate." *Napuri*, 2013 WL 4428573, at *2. Plaintiff has made no effort to demonstrate that the hourly rates charged are reasonable in the Eastern District of California. Instead, attorney merely Riley declares that the rates are "well within the prevailing rates for the Central District of California," and attaches the Laffey Matrix to support this assertion, which establishes prevailing market rates in the "District of Columbia." (*See* Riley Decl., Exh. 2.) However, the Eastern District of California is clearly neither the Central District of California nor the District of Columbia. Accordingly, plaintiff has failed to establish the prevailing market rate in the relevant legal community. *See Gates*, 987 F.2d at 1405. Plaintiff has not submitted an affidavit from any attorney that worked on this case or from any other attorney attesting to the prevailing rates in the Eastern District of California for similar services

4

by lawyers of reasonably comparable skill, experience and reputation.  *See Davis*, 976 F.2d at 1546.  Similarly, plaintiff has not submitted any evidence of hourly rate determinations in other similar cases in the Eastern District of California setting the rate of the attorneys seeking fees. *See Phelps Dodge Corp.*, 896 F.2d at 407; *see also Napuri*, 2013 WL 4428573, at *2.  Attorney Riley's declaration, without any supporting evidence, fails to meet plaintiff's burden to establish that the attorney billing rates sought are the prevailing market rates for the Eastern District of California.

Additionally, plaintiff offers no information or documentation justifying the rates requested, such as the curriculum vitae, résumé, or even the identities of the individuals who worked on this case other than Attorney Riley.  As such, the court cannot determine the comparable skill, experience, and reputation of the attorneys involved.  *Davis*, 976 F.2d at 1546. There is no indication whether the unidentified independent "associate attorney" who worked on this case is admitted to practice law in California and, if so, when he or she was admitted to the practice of law.  (*See* Riley Decl. at ¶ 7.)  Nor has plaintiff provided a description of the "associate attorney's" educational background or litigation experience.

For these reasons the court concludes that plaintiff has failed to meet its burden of demonstrating that the requested fee award is reasonable.  Accordingly, plaintiff's request for attorneys' fees will be denied without prejudice.

      b.  *Costs*

47 U.S.C. § 605(e)(3)(B)(iii) requires that the court award "full costs . . . to an aggrieved party who prevails."  Here, plaintiff seeks costs in the amount of $1,191.05, consisting of $400.00 for the complaint filing fee, $120.00 for service of process charges, $21.05 for courier charges, and $650.00 for investigative expenses.

Plaintiff provides no authority for the recovery of its investigative fees.  Moreover, many courts have refused to award such pre-filing investigative fees to the prevailing party.  *See, e.g., Napuri*, 2013 WL 4428573, at *3; *Joe Hand Promotions, Inc. v. Piacente*, No. C-10-3429 CW (JCS), 2011 WL 2111467, at *9 (N.D. Cal. Apr. 11, 2011); *J & J Sports Prods., Inc. v. Schrader Rest. Corp.*, 485 F. Supp. 2d 422, 424 (S.D.N.Y. 2007).  Further, plaintiff has provided no

documentation to support the amount sought for courier charges.

Accordingly, the court finds that plaintiff has failed to meet its burden to support its request for costs for the investigative expenses and courier charges. Plaintiffs request for costs will be granted as to $520.00 for the filing fee and service of process costs, and denied as to all other claimed costs.

### III.     Conclusion

For the above stated, plaintiff's motion for attorney fees and costs (Doc. No. 24) is granted in part and denied in part as follows:

    a. Plaintiff's motion for attorney's fees is denied without prejudice to the filing of a properly supported motion within twenty-one days of the date of this order;

    b. Plaintiff's motion for costs is granted in part and denied in part without prejudice to the filing of a properly supported motion as to the denied costs within twenty-one days of the date of this order; and

    c. Defendant is ordered to pay plaintiff's cost in the amount of $520.00.

IT IS SO ORDERED.

Dated:     **May 18, 2016**                                     /s/ Dale A. Drozd
                                                                  UNITED STATES DISTRICT JUDGE