1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    J & J SPORTS PRODUCTIONS, INC.,            No.  1:15-cv-01354-DAD-JLT

12                    Plaintiff,

13          V.                                    ORDER GRANTING IN PART AND
                                                  DENYING IN PART PLAINTIFF'S
14    MIGUEL ANGEL BARAJAS; et.al.,               RENEWED MOTION FOR ATTORNEY'S
                                                  FEES AND COSTS
15                    Defendants.
                                                  (Doc. No. 30)
16

17

18          This matter came before the court on October 18, 2016 for hearing on plaintiff's renewed

19    motion for attorney's fees and costs.  (Doc. No. 30.)  Attorney Thomas P. Riley appeared on

20    behalf of plaintiff, J & J Sports Productions, Inc.  No appearance was made by or on behalf of

21    defendants, against whom default judgment has previously been entered.  (Doc. Nos. 28 and 29.)

22    After oral argument, the motion was taken under submission.  For the reasons stated below,

23    plaintiff's motion for attorney's fees and costs is granted in part and denied in part.

24                                      **BACKGROUND**

25          J & J Sports Productions, Inc. ("plaintiff") filed suit against Miguel Angel Barajas and

26    Guillermina Carrizales ("defendants"), the owners and operators of Village Sports Bar and Grill,

27    on September 2, 2015, alleging defendants violated multiple federal statutes—as well as state

28    laws—when they broadcasted without permission a boxing match for which plaintiff owned the

                                              1

1  exclusive nationwide commercial distribution rights.  (Doc. No. 1.)  Specifically, plaintiff alleged

2  the following causes of action: (1) violation of 47 U.S.C. § 605, (2) violation of 47 U.S.C. § 553,

3  (3) conversion, and (4) violation of California Business and Professions Code § 17200, *et seq*.

4        On January 29, 2016, plaintiff filed a motion for default judgment on the grounds that

5  defendants failed to answer plaintiff's duly served complaint.  (Doc. No. 19.)  On March 7, 2016,

6  the assigned magistrate judge issued findings and recommendations recommending that

7  plaintiff's motion for default judgment be granted.  (Doc. No. 23.)  Plaintiff filed a motion for

8  attorneys' fees and costs on the following day.  (Doc. No. 24.)  On April 27, 2016, the court

9  adopted the findings and recommendations (Doc. No. 27) and entered judgment in favor of

10  plaintiff on that day as well.  (Doc. No. 28.)  Pursuant to Local Rule 230(g), a motion for

11  attorney's fees and costs was submitted upon the record and briefs on file.  (Doc. No. 26.)  On

12  May 19, 2016, this court issued an order granting in part and denying in part plaintiff's motion for

13  costs and attorney's fees.  (Doc. No. 29.)  Specifically the court awarded costs to plaintiff in the

14  amount of $520.00 for filing fees and service of process charges.  (*Id*.)  Plaintiff's motion was

15  denied without prejudice to the filing of a renewed motion seeking the denied cost and attorney's

16  fees.  (*Id*.)  Plaintiff timely filed the current renewed motion for costs and attorneys' fees within

17  twenty-one days on June 9, 2016, addressing the deficiencies pointed out in the court's May 19,

18  2016 order. (Doc. No. 30.)

19                            **DISCUSSION**

20  **A.  Attorney's Fees**

21  In the May 19, 2016 order, the court found that "plaintiff [ ] failed to meet its burden of

22  demonstrating that the requested fee award is reasonable."  (Doc. No. 29 at 5.)  The court

23  observed that plaintiff's proffered hourly rates did not reflect the prevailing market rate in the

24  Eastern District of California and that plaintiff failed to offer "information or documentation

25  justifying the rates requested" for staff other than attorney Thomas P. Riley who had worked on

26  the case.  (Doc. No. 29 at 5.)  The court further gave little weight to the attorney time entries

27  submitted, finding that they did not reflect contemporaneous billing records.  (Doc. No. 29 at 3–

28  /////

4.)  Plaintiff has specifically addressed these issues in its renewed motion for attorneys' fees.  Below, the court will limit its discussion to those issues.

                1.  <u>Prevailing Market Rate in the Eastern District of California</u>

       The district court must determine a reasonable hourly rate, considering the experience, skill, and reputation of the attorney requesting fees.  *Hiken v. Department of Defense*, 836 F.3d 1037, 1044 (9th Cir. 2016); *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986).  Reasonable hourly rates are calculated by reference to "prevailing market rates in the relevant community," with a special emphasis on fees charged by lawyers of "comparable skill, experience, and reputation."  *Hiken*, 836 F.3d at 1044 (quoting *Chalmers*, 796 F.2d at 1210-11); *Davis v. City of San Francisco*, 976 F.2d 1536, 1546 (9th Cir. 1992) *vacated on other grounds by* 984 F.2d 345 (9th Cir. 1993).  Generally, the forum district represents the relevant legal community. *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992); *see also Shirrod v. Director, Office of Workers' Compensation Programs*, 809 F.3d 1082, 1087 (9th Cir. 2015); *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (determining that "generally, the relevant community [for the prevailing market rate] is the forum in which the district court sits"); *Mendenhall v. Nat'l Transp. Safety Bd.*, 213 F.3d 464, 471 n.5 (9th Cir. 2000), *overruled on other grounds by Gonzalez v. Arizona*, 677 F.3d 383 (9th Cir. 2012) (finding the same).

       Plaintiff's counsel requests that his fee be set at $350.00 an hour.  Plaintiff provides the declaration of attorney Riley and cites to "specific authority involving Plaintiff's counsel in this district" to support this fee as the prevailing market rate.  (Doc. No. 30 at 3–4.)  The court notes that, "[a]ffidavits of plaintiff['s] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for plaintiff['s] attorney, are satisfactory evidence of the prevailing market rate."  *Hiken*, 836 F.3d at 1044 (quoting *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990)); *see also Camacho*, 523 F.3d at 980.  The court does note, however, that while plaintiff's attorney's fees may have been set at $350.00 per hour during the course of the litigation in the cases cited by plaintiff's counsel, nothing in those cases explicitly provides that the fee was set at that amount.  *E.g.*, *J & J Sports Productions, Inc. v. Pagliaro*, No. 1:12-cv-1507-LJO-SAB, 2014

WL 7140605, at *2 (E.D. Cal. Dec. 12, 2014); *e.g.*, *J & J Sports Productions, Inc. v. Corona*, No. 1:12-CV-01844-LJO-JLT, 2014 WL 1513426, *3 (E.D. Cal. April 16, 2014).  Therefore, the court cannot ascertain that the prevailing market rate is in fact $350.00 simply based on the authorities cited by plaintiff.  However, the court may look to other sources.  *Joe Hand Promotions, Inc. v. Albright*, No. CIV. 2:11-2260 WBS, 2013 WL 4094403, at *2 (E.D. Cal. Aug. 13, 2013) ("As plaintiff has not provided the court with any apposite information regarding the prevailing market rates for similar work performed by comparable attorneys in Sacramento, the court will look to other sources.").  This court finds that $350.00 is a reasonable hourly rate within the Fresno Division of the Eastern District of California with respect to plaintiff's counsel, Mr. Riley.  *See, e.g.*, *Joe Hand Promotions, Inc. v. Garcia*, No. 1:12-CV-01744-LJO, 2013 WL 238369, at *3 (E.D. Cal. May 30, 2013), *report and recommendations adopted*, No. 1:12-CV-0174-LJO-JLT, 2013 WL 2991048 (E.D. Cal. June 14, 2013) ("Previously this court has determined that $350 is a reasonable hourly rate for '(very) experienced and skilled trial counsel' within the Fresno Division of the Eastern District.) (citing *Jadwin v. Cty. of Kern*, 767 F. Supp. 2d 1069, 1132 (E.D. Cal. 2011); *see also Moreau v. Daily Independent*, 2013 U.S. Dist. LEXIS 29085, 2013 WL 796621 at *3 (E.D. Cal. Mar. 1, 2013) (approving rate of $350 for attorneys with more than 20 years of experience)).

2. Contemporaneous Billing

In its May 19, 2016 order, the court noted that the entries in the chart submitted by counsel in support of the motion for attorneys' fees are not based on contemporaneous billing records.  (Doc. No. 29 at 3–4.)  Rather, it appears the billable hours were reconstructed after services were rendered.  (Doc. No. 30-1 at 2.)  "Absent the submission of detailed contemporaneous time records justifying the hours claimed to have been expended on this case, the [c]ourt gives little weight to the figures provided by [p]laintiff."  *Napuri*, 2013 WL 4428573, at *2; *see also Joe Hand Promotions, Inc. v. Be*, No. 11-CV-01333-LHK, 2011 WL 5105375, at *7 (N.D. Cal. Oct. 26, 2011) ("Without actual billing records, . . . the Court gives little weight to . . . figures" in a chart "reconstructing" billable time); *Joe Hand Promotions, Inc. v. White*, No. C 11-01331 CW (JSC), 2011 WL 6749061, at *2 (N.D. Cal. Dec. 6, 2011) ("Because the billing

4

1   records were not created contemporaneously, the Court finds that they are inherently less

2   reliable"); *Zynga Game Network Inc. v. Erkan*, No. 09-03264 SC, 2010 WL 3463630, at *2 (N.D.

3   Cal. Aug. 31, 2010) (denying motion for attorneys' fees where plaintiff failed to attach "actual

4   billing records").

5           Plaintiff has now advised the court that the lack of contemporaneous billing records

6   cannot be cured at this time and asks the court to consider that the Eastern District has specifically

7   awarded fees for work performed by attorney Riley in similar circumstances.  (Doc. No. 30 at 4–

8   5.)  In the cases cited by plaintiff in this regard, attorney's fees were either not granted because of

9   the lack of contemporaneous billing records or attorney's fees were granted and the issue of

10  contemporaneous billing records was not addressed.  *See, e.g.*, *Joe Hand Promotions, Inc. v. Be*,

11  No. 11-CV-0133-LHK, 2011 WL 5103575, at *6–7 (N.D. Cal. Oct. 26, 2011) (noting that, the

12  time entries were not contemporaneous billing records and denying the award of attorney's fees);

13  *e.g.*, *Corona*, 2014 WL 1513426, at *4 (attorney's fees awarded without addressing the issue of

14  contemporaneous billing records).  However, the court finds the decision in *Albright*, 2013 WL

15  4094403, at *4–6, instructive on this matter.  There it was noted that courts have found

16  reconstructed billing records inherently less reliable and have reduced the fee award based on

17  such records where the time requested for tasks appeared to be "unnecessary, excessive, or

18  unreasonable.[1]  Similarly, in *White*, 2011 WL 6749061, at *2, the court found the reconstructed

19  billing records to be inherently unreliable, the time billed (10.7 hours) on an action involving a

20  motion for default judgment to be excessive since plaintiff's counsel primarily relies on

21  boilerplate in such cases and, accordingly, reduced the fee award by one-third.  Here, a default

22  judgment was likewise rendered, however the pending attorney's fee motion seeks only an award

23  based upon a total of 3.15 attorney hours spent on the case.  (Doc. No. 30-1 at 10.)  The court

24  does not find that amount of attorney time spent by counsel on this case to be "unnecessary,

25  excessive, or unreasonable."  *Albright*, 2013 WL 4094403, at *4.  Accordingly, plaintiff's motion

26  in this regard will be granted and attorney's fees are awarded for 3.15 hours at $350.00 per hour

27

28
---
[1]  There, the court found that total time spent, 4.75 hours, was appropriate considering that the case did not involve a default judgment.

1   in the total amount of $1,102.50.[2]

2           3.   Fees for the Administrative Assistant

3           While plaintiff acknowledges that the award of attorney's fees for the services rendered by

4   administrative assistants have been denied in some Eastern District cases, plaintiff asks the court

5   to award such fees here, distinguishing that the tasks assigned to the administrative assistant in

6   this case were not clerical in nature "but more akin to paralegal type tasks" to keep actual

7   attorney's fees down.  (Doc. No. 30 at 4.)  Accordingly, plaintiff asks the court to award $75.00

8   per hour for work performed by administrative assistants if the court is not inclined to grant the

9   $100.00 fee originally requested by plaintiff.  (Doc. No. 30 at 4.)

10          The court declines to part from the decisions of other judges in the Eastern District

11  concerning the award of fees for time expended by administrative assistants because the court

12  finds that the distinction plaintiff provides between clerical and paralegal type tasks is illusory.

13  Plaintiff correctly notes that "filing, transcript, and document organization time [are] clerical in

14  nature and should [be] subsumed in firm overhead rather than billed at paralegal rates."

15  *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009).  Here, plaintiff's time entries submitted

16  in support of the motion for the award of fees in this regard can be divided into three categories:

17  (1) time entries presented in block format; (2) duplicative entries; and (3) entries solely related to

18  the preparation of documents.

19          With respect to the first category, it has been noted that such "records [did] not specify

20  how much time the administrative assistant spent on the preparation of documents compared to

21  the filing and serving of documents."  *Corona*, 2014 WL 1513426, at *2.  In that case, the court

22  observed that entries presented in such a block format where tasks are bundled together in a

23  single block of time are "extremely difficult for a court to evaluate the reasonableness of the

24  hours expended."  *Id.*  (quoting *Aranda v. Astrue*, No. CV. 08-340-MA., 2011 WL 2413996, at *5

25  (D. Ore. June 8, 2011) (citing *Welch v. Metro Life Ins.*, 480 F.3d 942, 948 (9th Cir. 2007) ("block

26  billing makes it more difficult to determine how much time was spent on particular activities").

27  _____

[2] Plaintiff is not seeking attorney's fees for the January 9, 2015 entry for a "Telephonic
28  Conference with Miguel Barajas," completed by the associate attorney and not by attorney Riley.

6

1 Similarly here, plaintiff has again submitted entries in block format where it is difficult for the

2 court to determine the amount of time the administrative assistant allegedly spent on the

3 preparation of documents compared to time expended filing and serving the documents.  (Doc.

4 No. 30-1 at 6–10.)[3]

5        As to the second category, duplicative entries, courts have expressed concern that

6 plaintiff's attorney and the administrative assistants working with him "completed several

7 duplicative tasks" and recommended that fees not be awarded for such time attributed to such

8 tasks:

9        For example, on February 5, 2012, both the administrative assistant
and Mr. Riley spent 0.15 hour on "Initial File Review and File
10        Preparation." (Doc. 27 at 5).   On March 15, 2012, the
administrative assistant conducted "Public Records Research and
11        Review of Defendant Klarke Anthony Garl" for 0.15 hour.  *Id*.  Mr.
Riley seeks 0.15 hour for the same task, on the same day. *Id*.
12        Further, the time records indicate both Mr. Riley and the
administrative assistant spent 0.10 hour on October 5, 2013 in
13        "Review of Notice Filed by Defendant Klarke Anthony Garl" and
0.10 hour on July 24, 2013 for "Review of Judgment against
14        Defendant Klarke Anthony Garl."  *Id*. at 6–7.

15 *Joe Hand Promotions, Inc. v. Garl* , No. 1:12-CV-0672- LJO, 2013 WL 4736826, at *2 (E.D.

16 Cal. Sept. 3, 2013), *report and recommendation adopted*, No. 1:12-CV-00672-LJO, 2013 WL

17 5279000 (E.D. Cal. Sept. 18, 2013).

18        Likewise here, plaintiff has submitted records reflecting tasks of an identical nature that

19 are apparently claimed to have been completed by both the attorney and the administrative

20 assistant.  For example, both spent 0.15 hours on "Initial File Review and Preparation" on

21 October 30, 2014.  Both conducted a "Public Records Research and Review of Miguel Angel

22 Barajas" for 0.15 hours on July 23, 2014.  These examples are not exhaustive, as both also

23 reviewed the court's orders on the same day and entered the same amount of time spent in several

24 of the other entries in the records submitted to the court.  (Doc. No. 30-1 at 6.)[4]

25 /////

26 ───────────
[3]  In the records submitted by plaintiff in support of the pending motion there are a total of
27 thirteen entries reflecting "Preparation, Filing and Service . . ." of various types of documents.

28 [4]  In the records submitted there are also a total of thirteen entries reflecting duplicative tasks.

1   There are only two entries in the records submitted in support of the pending motion that

2   fall into the third category involving the preparation of documents.  These include the

3   "Preparation of Second Demand Letter to Guillermina Carrizales" for 0.15 hours on January 28,

4   2015 and the "Preparation of Declaration of Plaintiff's Counsel re: Motion for Attorneys' Fees

5   and Cost" for 3.00 hours on March 16, 2016.  (Doc. No. 30-1 at 6, 10.)  However, it is unclear to

6   what extent this preparation involved actual substantive work as opposed to merely the organizing

7   of documents and the latter is clearly to be subsumed in overhead costs.  *See Nadarajah*, 569 F.3d

8   at 921.  While the court has the discretion to reduce hours billed in block format,[5] given the

9   showing made by plaintiff here, the court sees no reason to part from the rulings of other judges

10  of this court "[g]iven the lack of specificity and the clerical and duplicative nature of the tasks . . .

11  ."  *Corona*, 2014 WL 1513426, at *2.  Therefore, plaintiff's request for the award of fees for the

12  time of administrative assistants expended in this case will be denied.

13  **B.  Investigative Costs**

14  In the May 19, 2016 order the court has already granted plaintiff's request for costs

15  consisting of $400.00 for the complaint filing fee and $120.00 for service of process charges.

16  (Doc. No. 29 at 5–6.)  The court denied plaintiff's request for investigative fees in light of

17  plaintiff's failure to cite any authority for the proposition that it was entitled to such an award.

18  (Doc. No. 29 at 5.)  The court also denied recovery for costs associated with claimed courier

19  charges because plaintiff provided no documentation to support the amount requested for such

20  costs.  (Doc. No. 29 at 5–6.)  In the renewed motion plaintiff makes clear that it "no longer seeks

21  to recover for courier costs.  The remaining issue, therefore, is investigative fees."  (Doc. No. 30

22  at 5.)

23  Previously, this court noted that many courts have refused to award such pre-filing

24  investigative fees to the prevailing party.  *See, e.g., Napuri*, 2013 WL 4428573, at *3; *Joe Hand*

25

26  [5] *Corona*, 2014 WL 1513426, at *2 ("Accordingly, the Ninth Circuit has explained that, where the attorney presents time expended in 'blocks,' the Court may 'simply reduce[ ] the fee to a

27  reasonable amount.' ") (quoting *Fischer v. SJB–P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir.2000)) (citing *Welch*, 480 F.3d at 948 ("We do not quarrel with the district court's authority to reduce

28  hours that are billed in block format")).

8

*Promotions, Inc. v. Piacente*, No. C-10-3429 CW (JCS), 2011 WL 2111467, at *9 (N.D. Cal. Apr. 11, 2011).  Plaintiff contends that there is a split of authority with respect to the recovery of investigative costs.  (Doc. No. 30 at 5.)  While the court recognizes that investigative costs have been awarded to the prevailing party in some of the cases cited by plaintiff, those decisions do not address the issue or explain why the award of such costs was appropriate.  *E.g.*, *Pagliaro*, 2014 WL 7140605, at *2 (merely noting, "[p]laintiff spent $601.00 on 'Investigative Expenses,'" and awarding such costs without explaining why); *e.g.*, *Corona*, 2014 WL 1513426, at *2 (not specifically addressing costs or investigative fees).  Plaintiff asks the court to take judicial notice of the decision in *J & J Sports Productions, Inc. v. Bandera Cowboy Bar, LLC*, Case No. 5:15-cv-00352-DAE (W.D. Tex. June 3, 2016), where investigative costs were awarded based upon counsel's affidavit attesting that the investigator's fee was reasonable.  (Doc. No. 30-1 at 3.)  Plaintiff's counsel has submitted a declaration containing the same attestation as to the reasonableness of the investigation fees here.  (Doc. No. 30-1 at 3) ("Based on my experience in handling anti-piracy cases, it is my opinion that the fee of $650.00 for auditor's investigation in this case is a reasonable fee.").

The court is not persuaded and once again finds the analysis set forth in *Albright* to be instructive.  There, the court found that even if the $605.00 investigative costs were recoverable, they were insufficiently documented since plaintiff only included a bare invoice and "no additional information regarding the qualifications of the investigation company or what services it provided, leaving the court with no means of determining if the charge is reasonable."  2013 WL 4094403, at *6.  Other jurisdictions have followed this same approach.  *See, e.g.*, *Kingvision Pay-Per-View Ltd. v. Autar*, 426 F. Supp. 2d 59, 67 (E.D.N.Y. 2006) ("Thus a plaintiff must document '(1) the amount of time necessary for the investigation; (2) how much the investigators charged per hour; [and] (3) why the investigators are qualified to demand the requested rate.'") (internal quotations omitted).  Here, plaintiff has submitted only an invoice and no other documentation regarding the qualifications of the "auditor" or even an explanation of what services were provided.  (*See* Doc. No. 30-1 at 12.)  Because they are insufficiently documented, the court declines to award the requested investigative costs.

**CONCLUSION**

For all of the reasons set forth above:

1. Plaintiff's renewed motion for the award of attorney's fees and costs (Doc. No. 30) is granted in part and denied in part;

2. The court awards attorney's fees to plaintiff in the total amount at $1,102.50 representing 3.15 hours of attorney time expended at a rate of $350.00 per hour;

3. Plaintiff's request for the award of fees for time expended on the case by administrative assistants is denied with prejudice; and

4. Plaintiff's request for the award of investigative costs is denied with prejudice.

IT IS SO ORDERED.

Dated:   __February 2, 2017__                    _____

                                                UNITED STATES DISTRICT JUDGE